**FIFTH DIVISION**
**MERCIER, C. J.,**
**MCFADDEN, P. J., and RICKMAN, J.**

**NOTICE: Motions for reconsideration must be _physically received_ in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**December 13, 2023**

# In the Court of Appeals of Georgia

A21A1215. BELL v. THE STATE.

MERCIER, Chief Judge.

In Bell v. State, 362 Ga. App. 687 (870 SE2d 20) (2022), this Court, due to insufficiency of the evidence, reversed Cortney Bell's convictions for murder in the second degree and cruelty to children in the second degree relating to the death of Bell's infant daughter, Caliyah. Id. at 699-702 (1), 702-703 (2). We also ruled, however, that the evidence was sufficient to support a felony charge against Bell for contributing to the dependency of a minor, and we affirmed that conviction. Id. at 703-706 (3). Thereafter, our Supreme Court granted certiorari "to determine whether [this Court] erred in holding that the evidence was legally sufficient to support Bell's conviction on that charge." Bell, 2023 WL 6976484 at *1 (Ga., October 24, 2023). Our Supreme Court held: "In the absence of evidence from which a reasonable jury could infer that Bell's conduct proximately caused Caliyah's death, the

evidence presented to the jury was simply insufficient as a matter of constitutional due process to support her conviction for felony contributing to the dependency of a minor." Id. at *6 (citation omitted).[1]

In light of our Supreme Court's ruling, we vacate Division 3 of our prior opinion in which we found the evidence to be sufficient to support Bell's conviction for contributing to the dependency of a minor, we adopt as our own the Supreme Court's opinion holding that the evidence was, instead, insufficient, and we reverse the trial court's judgment, as the evidence was insufficient to support any of Bell's three convictions.

Judgment reversed. Dillard, P. J., and Land, J., concur.

---

[1] The Supreme Court made clear that its "review on certiorari [was] limited to the merits of [this Court's] decision related to Bell's conviction for felony contributing to the dependency of a minor[,]" not our decisions regarding the insufficiency of the evidence to support Bell's convictions for murder in the second degree and cruelty to children in the second degree. Bell, 2023 WL 6976484 at *I, n. I.